**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

AMANDA PRINCE,

Plaintiff,

v. Case No. 4:26-CV-531-DPM

CHRISTIAN WALKER MORPHIS, in his Individual Capacity, MARCUS DANIELS, in his Individual Capacity, MIKE A. HAGAR, in his Official Capacity,

Defendants.

**PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF SUMMONS ON DEFENDANTS**

NOW COMES Plaintiff, AMANDA PRINCE ("Plaintiff"), and in support of her Motion to Extend Time for Service of Summons Upon Defendants, CHRISTIAN WALKER MORPHIS, MARCUS DANIELS and MIKE A. HAGAR, states as follows:

**INTRODUCTION**

1. With this motion, Plaintiff respectfully requests a sixty (60) day extension of time—to October 19, 2026—for service of summons in the instant matter upon Defendants.

2. To date, Plaintiff's counsel has reached out to the Arkansas Attorney General's Office, counsel for Defendants, MARCUS DANIELS and MIKE A. HAGAR, and, based prior experience with their office, he anticipates that counsel will accept service of summons on behalf of MARCUS DANIELS and MIKE A. HAGAR, though they have not done so yet. See August 12, 2026 Email to Defense Counsel, attached hereto as Exhibit 1. Additionally, Plaintiff has retained a professional process server to locate and serve CHRISTIAN WALKER MORPHIS, who is no longer employed by the Arkansas State Police. Unfortunately, CHRISTIAN WALKER

MORPHIS cannot be located to date but Plaintiff's process server is confident service can be made relatively soon.

**BACKGROUND**

3. On May 20, 2026, Plaintiff filed her complaint in the above-captioned lawsuit. See Doc. #1. There are three (3) defendants in the case. See Doc. #1 at p. 1. Federal Rule of Civil Procedure 4(m) required that Plaintiff serve each of the party defendants within ninety (90) days of the filing of her complaint—on or before August 20, 2026. See Fed. R. Civ. P. 4(m).

4. On August 12, 2026, PLAINTIFF sent copies of the complaint and summons to MARCUS DANIELS and MIKE A. HAGAR through the Arkansas Attorney General's Office.

5. And, as stated above, Plaintiff's professional process server is currently unable to locate CHRISTIAN WALKER MORPHIS despite possessing what appears to be a recent, valid residential address in Lake Village, Arkansas.[1]

**LEGAL STANDARD**

6. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, *the court must extend the time for service for an appropriate period*. See Fed. R. Civ. P. 4(m)(emphasis added).

7. Rule 4(m) gives district courts discretion to grant extensions of time for service of process without showing of good cause but requires them to grant extensions upon showing of

[1] Plaintiff is happy to provide a declaration from her professional process server attesting to his attempts at service on CHRISTIAN WALKER MORPHIS, should the Court wish.

good cause. *DiPaulo v. Potter*, 570 F. Supp. 2d 802, 2008 U.S. Dist. LEXIS 57686 (M.D.N.C. 2008).

8. While Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase, generally, it exists where: (1) the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server; (2) the defendant has evaded service of the process or engaged in misleading conduct; (3) the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances; or (4) the plaintiff is proceeding *pro se* or *in forma pauperis*. See *Kurka v. Iowa Cty.*, 628 F.3d 953, 957 (8th Cir. 2010)(citing 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2002)).

9. Good cause generally means "that service has been attempted but not completed" or that plaintiff was prevented from serving defendants by factors beyond his control, *inter alia*. *Chemehuevi Indian Tribe v. Wilson*, 181 F.R.D. 438, 440 (N.D. Cal. 1998).

## ARGUMENT

10. Here, regarding the *Kurka* factors, Plaintiff respectfully submits that she has acted diligently in trying to effectuate service on Defendants but simply has been unable to complete service despite several attempts at same. If the Court grants Plaintiff's motion, she is cautiously certain she will be able to perfect service on all defendants.

11. Regarding MARCUS DANIELS and MIKE A. HAGAR, Plaintiff posits that good cause naturally is found where counsel work cooperatively to advance litigation judiciously by conserving party resources and, ultimately, advancing judicial economy. The current motion is brought in good faith and not for the purpose of delaying the trial of this action. Regarding CHRISTIAN WALKER MORPHIS—who was terminated by the Arkansas State Police ostensibly

for the actions which gave rise to Plaintiff's complaint—it is possible that he is attempting to evade service, based on Plaintiff's process server's experience.

**CONCLUSION**

12. In closing, for the reasons submitted above which she believes constitute good cause, Plaintiff respectfully requests this Honorable Court allow her a 60-day extension of time—until October 19 2026—for service of summons in the instant matter upon Defendants.

WHEREFORE, Plaintiff, AMANDA PRINCE, prays this Honorable Court grant her Motion to Extend Time for Service Upon Defendants, CHRISTIAN WALKER MORPHIS, MARCUS DANIELS and MIKE A. HAGAR, and whatever other relief the Court determines is appropriate, fair and just.

Respectfully submitted,

Michael J. Laux
Michael J. Laux
E. Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
Facsimile: (501) 372-3482
E-mail: mlaux@lauxlawgroup.com
mikelaux@icloud.com