**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**AMANDA PRINCE** **PLAINTIFF**

**v.** **CASE NO. 4:26-cv-00531-DPM**

**MIKE A. HAGAR, et al.** **DEFENDANTS**

**BRIEF IN SUPPORT OF MOTION TO DISMISS**

For his Brief in Support of Motion to Dismiss, Defendant Mike A. Hagar states the following:

**BACKGROUND**

On December 17, 2023, Amanda Prince was pulled over by Former Trooper Christian Morphis for driving on a suspended license. Doc. 1, ¶ 10. Morphis arrested Prince and placed her in the back of his police vehicle. *Id*. at ¶ 11. Prince alleges that 10 minutes after placing her in the back seat, Morphis tossed a bag of cocaine into the front passenger seat of his police vehicle. *Id*. at ¶ 12. Upon arrival to jail, Prince claims that Morphis removed her from the vehicle and retrieved the bag of cocaine from the front seat. *Id*. at ¶¶ 16–17. "Morphis then secretly transported the 16 gram bag of cocaine from the front passenger seat to his backseat." *Id*. at ¶ 18. According to Prince, Morphis then confronted her with the bag and accused her of possessing the drugs. *Id*. at ¶¶ 21–25. Ultimately, Morphis charged Prince with "intent to deliver, tampering with physical evidence, and obstructing governmental operations." *Id*. at ¶ 26.

All of the damages alleged by Prince are attributed to the fallout that resulted from the arrest. These include the arrest itself, having to pay a bond, losing her truck due to impound fees, losing her job, and having to go to trial on felony drug charges. *See* Doc. 1, ¶¶ 32–33. Prince also

criticizes the way in which the internal affairs investigation of Morphis was handled by Lt. Daniels.[1]

There are only three parts of the complaint (comprising five numbered paragraphs) where Col. Hagar's name is mentioned. The first instance is the "Parties" section at the beginning. Prince identifies Col. Hagar as the ASP Director with "policy-making authority in terms of creating, adopting, and/or enforcing ASP policies," as well as having authority "to terminate ASP Troopers for cause, to discipline ASP troopers or, if warranted, to modify an ASP trooper's employment duties for public safety reasons." Doc. 1, ¶¶ 7–8. Next, in the "Factual Allegations" section, Col. Hagar is mentioned as having released a statement following the investigation of Prince's citizen's complaint. *Id*. at ¶¶ 56–57. Col. Hagar's statement announced the termination of Morphis' employment and denied Prince's assertion that drugs were planted. *See id*. at ¶ 57. Finally, Col. Hagar is referenced in a paragraph under Prince's "Count II—Substantive Due Process" section, where it is claimed that Defendants were acting under "the customs, practices and policies of Col. Hagar" when Prince was arrested. *Id*. at ¶ 67.

Prince's complaint does not contain any material factual allegations against Col. Hagar for purposes of any legal claim. Prince lists each count she is pursuing on pages 16–19 of the complaint. Each count contains a header with the names of the defendants being accused, along with explanatory paragraphs. Not once is Col. Hagar named under any of the counts, and he cannot be held liable under a theory of "supervisory liability." There is no explanation of how he contributed to any damages allegedly suffered by Prince. Accordingly, Prince's lawsuit against Col. Hagar should be dismissed for failure to state a claim.

---

[1] Lt. Daniels was sued even though Prince could not have sustained any damages from the investigation as it took place after she had been acquitted of drug charges. *See* Doc. 1, ¶ 39.

**ARGUMENT**

Prince's failure to allege any wrongdoing is fatal to her lawsuit against Col. Hagar. Her lawsuit against him should be dismissed under Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure.

Fed. R. Civ. P. 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that it requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); accord *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). This analysis works in conjunction with Rule 12(b)(6) to test the legal sufficiency of a complaint. To survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim has facial plausibility only when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). A district court is not required "to divine the litigant's intent and create claims that are not clearly raised" or "conjure up unpled allegations" to save a complaint. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

Here, Prince fails to provide a "short and plain statement" nor suggests a plausible claim for relief against Col. Hagar. Prince merely identifies him (Doc. 1, ¶¶ 7–8), mentions that he released a statement regarding the outcome of the internal investigation (*Id*. at ¶¶ 56–57), and suggests that Morphis was acting under his "customs, practices, and policies" when Morphis arrested Prince (*Id*. at ¶ 67). Nothing more.

Each of the counts in the complaint—false arrest, substantive due process, Arkansas Civil Rights Act, and civil conspiracy—are only alleged against Morphis, Daniels, or both. *See id*., pp. 16-19. Even though Col. Hagar is vaguely referenced as being the supervisor of Morphis and Daniels for Count II (¶ 67), this lone fact is insufficient to assert a claim or establish liability. Liability under §1983 requires a causal link to, and direct responsibility for, the deprivation of rights. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). To implicate supervising officials who did not directly participate in a constitutional violation, a plaintiff must show that the supervisor "(1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts." *Id*. (citing *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012)). Prince has not alleged that Col. Hagar authorized the conduct leading to Prince's arrest, nor could she. Col. Hagar's opinion of Prince's arrest was made clear when he announced the termination and decertification of Trooper Morphis due to "serious policy violations." (Doc. 1, ¶ 57).

**CONCLUSION**

Amanda Prince failed to state any cause of action against Col. Hagar in her complaint. This omission violates Rule 8(a)(2) of the Federal Rules of Civil Procedure. Accordingly, Col. Hagar should be dismissed from this lawsuit under Rule 12(b)(6).

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: J. Gerard
Julius J. Gerard, IV ("Jay"), AR Bar 2017178
Assistant Attorney General
Arkansas Attorney General's Office

101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-3676
Fax: (501) 682-2591
Email: julius.gerard@arkansasag.gov
*Attorneys for Defendant Mike A. Hagar*