IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AMANDA PRINCE,
PLAINTIFF,
v.
CHRISTIAN WALKER MORPHIS, in his Individual Capacity, MARCUS DANIELS, in his Individual Capacity, and MIKE A. HAGAR, in his Official Capacity,
DEFENDANTS.

CASE NO. 4:26-cv-00531-DPM
JURY TRIAL DEMANDED

**SEPARATE ANSWER OF DEFENDANT CHRISTIAN WALKER MORPHIS TO PLAINTIFF'S COMPLAINT**

Separate Defendant Christian Walker Morphis ("Morphis"), by and through his attorney, Luther Oneal Sutter of Sutter & Gillham, P.L.L.C., for his Answer to the Complaint of Plaintiff Amanda Prince ("Plaintiff"), states as follows.

**PRELIMINARY STATEMENT**

Morphis is separately represented and answers solely on his own behalf. Nothing in this Answer is an admission, denial, or characterization on behalf of any other Defendant. The numbered paragraphs below correspond to the numbered paragraphs of the Complaint. The Complaint's headings, subheadings, and image captions are not allegations to which a response is required; to the extent a response is required, Morphis denies them. Where the Complaint reproduces or characterizes a video recording, photograph, report, affidavit, transcript, letter, or other document, the recording or document is the best evidence of its contents, and Morphis denies any characterization inconsistent with it. On September 21, 2026, Morphis filed a Motion to Dismiss all four counts of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), or, in the alternative, for judgment on the pleadings under Fed. R. Civ. P. 12(c) (Doc. 8), with a supporting

Brief (Doc. 9). That Motion is made in the alternative to, and without waiver of, the admissions and denials below, and this Answer is made without waiver of, and subject to, that Motion.

**RESPONSE TO THE COMPLAINT'S INTRODUCTION**

The unnumbered introductory paragraphs of the Complaint consist of argument and legal conclusions to which no response is required. To the extent a response is required, Morphis admits that Plaintiff purports to bring this action under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act and to seek compensatory and punitive damages. Morphis denies that it is "beyond reasonable debate" that he planted drugs on Plaintiff, denies that he planted drugs on Plaintiff or attempted to frame her, denies that his conduct was "brazen," denies that he was "cut a tremendous break" and states that ASP terminated his employment, denies that he violated Plaintiff's constitutional rights, and denies the remaining allegations of the introductory paragraphs.

**JURISDICTION AND VENUE**

1. Morphis admits that Plaintiff purports to bring this case under 42 U.S.C. § 1983 and Arkansas law, and that this Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367. Morphis denies that he committed any unconstitutional practice against Plaintiff. Morphis denies that the events alleged occurred in southwestern Arkansas and states that the traffic stop and arrest occurred in Drew County, in southeastern Arkansas. Morphis denies the remaining allegations of Paragraph 1.

2. Morphis admits that venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the traffic stop and arrest occurred in Drew County, Arkansas, which is within this District. Morphis lacks knowledge or information sufficient to form a belief about Plaintiff's residence,

and therefore denies that allegation. Morphis denies that Plaintiff suffered harm from any unlawful act of his and denies the remaining allegations of Paragraph 2.

**PARTIES**

3. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 3 concerning Plaintiff's residence and citizenship, and therefore denies them. The remaining allegations of Paragraph 3 state legal conclusions to which no response is required.

4. Morphis admits that on December 17, 2023, and until January 8, 2025, he was employed by the State of Arkansas as an ASP trooper at the rank of Trooper First Class, and that in stopping, arresting, and transporting Plaintiff, and in reporting on and testifying about those events, he was acting under color of state law and within the scope of his employment. Morphis denies the remaining allegations of Paragraph 4.

5. Morphis admits, upon information and belief, that Marcus Daniels was employed by the State of Arkansas as a member of the Arkansas State Police ("ASP") holding the rank of Lieutenant. Morphis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 5, and therefore denies them.

6. Morphis admits, upon information and belief, that Daniels was an investigator with ASP's Office of Professional Standards ("OPS") and that OPS investigates complaints against troopers and allegations of employee misconduct. Morphis lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6, and therefore denies them.

7. Morphis admits, upon information and belief, that Mike A. Hagar held the rank of Colonel and was the Director of ASP. Morphis lacks knowledge or information sufficient to

form a belief about the truth of the remaining allegations of Paragraph 7, and therefore denies them.

8. Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 8, and therefore denies them.

9. Paragraph 9 states legal conclusions to which no response is required. To the extent a response is required, Morphis denies that he breached any duty owed to Plaintiff and denies the remaining allegations of Paragraph 9.

## FACTUAL ALLEGATIONS

10. Morphis admits that on December 17, 2023, at approximately 3:45 p.m., Plaintiff was driving a red GMC Sierra on U.S. Highway 425 in Monticello, Arkansas; that he was on patrol in the area in his ASP patrol vehicle; that he knew Plaintiff from a prior encounter in which he had cited her for driving on a suspended license; that he initiated a traffic stop of Plaintiff; and that Plaintiff exited her vehicle at his instruction without physical resistance. Morphis admits that Image No. 1 appears to be a still image taken from his patrol-vehicle video. Morphis denies the remaining allegations of Paragraph 10.

11. Morphis admits the allegations of Paragraph 11. Morphis told Plaintiff he would arrest her for driving on a suspended license, Plaintiff admitted that she was driving on a suspended license, and Morphis handcuffed Plaintiff behind her back, walked her to his patrol vehicle, and placed her in the back seat.

12. Morphis denies that he tossed, planted, or otherwise placed a bag of cocaine in his patrol vehicle, surreptitiously or otherwise. Morphis admits that his patrol vehicle was equipped with an interior camera that was recording. The recording is the best evidence of its contents, and

Morphis denies Plaintiff's characterization of the recording and of Image Nos. 2 through 6, including their captions. Morphis lacks knowledge or information sufficient to form a belief about what Plaintiff could or could not see from the back seat, and therefore denies those allegations. Morphis denies the remaining allegations of Paragraph 12.

13. Morphis admits that he shut the door of his patrol vehicle, entered the driver's seat, and drove Plaintiff to the Drew County Detention Center. Morphis denies that he tossed a bag of cocaine onto the passenger-side floorboard and denies the remaining allegations of Paragraph 13.

14. Morphis admits that Plaintiff rode in the back seat of his patrol vehicle with her hands cuffed behind her body. Morphis further admits, based on his later review of the in-car video, that the video does not show Plaintiff moving erratically or digging in or near her waistline during the ride. Morphis denies the remaining allegations of Paragraph 14.

15. Morphis lacks knowledge or information sufficient to form a belief about what Plaintiff was aware of, and therefore denies those allegations. Morphis denies that he placed a bag of cocaine on the front passenger-side floorboard of his patrol vehicle and denies the remaining allegations of Paragraph 15.

16. Morphis admits that, after arriving at the Drew County Detention Center, he exited his patrol vehicle, went to the rear passenger door, and opened it; that Plaintiff exited the vehicle; and that he directed Plaintiff to the front of his vehicle. Morphis denies that he directed Plaintiff to the front of the vehicle to prevent her from seeing the back-seat area. Morphis lacks knowledge or information sufficient to form a belief about what Plaintiff could or could not see, and therefore denies those allegations. Morphis denies Plaintiff's characterization of Image No. 7, including its caption, and denies the remaining allegations of Paragraph 16.

17. Morphis admits that he opened the front passenger door of his patrol vehicle and retrieved a rubber glove. Morphis denies that he did so as a "guise," denies that he retrieved a bag of cocaine from the front of his vehicle, and denies that he engaged in any "clandestine" or unlawful act. Morphis lacks knowledge or information sufficient to form a belief about what Plaintiff was aware of, and therefore denies those allegations. Morphis denies the remaining allegations of Paragraph 17.

18. Morphis denies the allegations of Paragraph 18.

19. Morphis admits that, when Plaintiff exited his patrol vehicle, he observed a clear bag on the rear floorboard in the area where Plaintiff's feet had been; that he retrieved a glove; that he then retrieved the bag from the rear floorboard; and that he stated that he found the bag there. Morphis denies that his search was perfunctory or a sham, denies that his statement that he found the bag on the rear floorboard was false, and denies the remaining allegations of Paragraph 19.

20. Morphis admits that he took the bag from the back-seat area of his patrol vehicle, walked to the front of the vehicle, and placed the bag on the hood, and that Image No. 8 appears to be a still image from his dashboard camera showing him doing so. Morphis admits that the substance in the bag field-tested positive for, and was later identified as, cocaine. Morphis lacks knowledge or information sufficient to form a belief about the precise weight of the substance, and therefore denies that allegation. Morphis denies the remaining allegations of Paragraph 20.

21. Morphis admits that he told Plaintiff he found the bag in the back seat where she had been sitting. Morphis denies that he planted the bag, denies Plaintiff's characterization of Image No. 9, including its caption, and denies the remaining allegations of Paragraph 21.

22. Morphis admits that he told Plaintiff, in substance, that his patrol vehicle had a camera recording the area where she had been seated and that he could review the recording. The

recording of the conversation is the best evidence of its contents. Morphis denies the remaining allegations of Paragraph 22.

23. Morphis admits that Plaintiff told him the bag was not hers and denied having drugs in her possession. Morphis lacks knowledge or information sufficient to form a belief about Plaintiff's state of mind, and therefore denies those allegations. Morphis denies the remaining allegations of Paragraph 23.

24. Morphis admits that he told Plaintiff, in substance, that he had recently taken his patrol vehicle to a carwash and vacuumed the interior, including the back seat; that the bag was not there when he did so; and that she had been the only occupant of the back seat since. Morphis denies that he engaged in an "unlawful charade," denies that he was "gaslighting" Plaintiff, and denies the remaining allegations of Paragraph 24.

25. Morphis lacks knowledge or information sufficient to form a belief about Plaintiff's state of mind or physical and emotional condition, and therefore denies those allegations. Morphis admits that Plaintiff maintained that the bag was not hers. Morphis denies that he accused Plaintiff of anything he knew to be false, denies that he lied, denies that he tried to frame Plaintiff, and denies the remaining allegations of Paragraph 25.

26. Morphis admits that Plaintiff was arrested and that he charged her with possession with intent to deliver, tampering with physical evidence, and obstructing governmental operations. Morphis states that, before the bag was found, Plaintiff had already been placed under arrest for driving on a suspended license. Morphis denies the remaining allegations of Paragraph 26.

27. Morphis admits that the drug charge was based on the bag recovered from the rear floorboard of his patrol vehicle. Morphis denies that he planted the bag on Plaintiff. The classification of, and penalties for, the offense charged are matters of law governed by statutes

that speak for themselves, and Morphis denies the allegations of Paragraph 27 to the extent inconsistent with them. Morphis denies the remaining allegations of Paragraph 27.

28. Morphis admits that he prepared an ASP incident report concerning Plaintiff's arrest. Morphis denies that the report was completed on December 17, 2023, and states that he completed and submitted it through his chain of command on or about December 23, 2023. Morphis admits that the report stated that he observed the bag on the rear floorboard, that the bag was not there before Plaintiff was placed in his vehicle, and that he had vacuumed the back seat shortly before the stop. Morphis denies that his statements that he vacuumed the back seat and observed the bag on the rear floorboard were false. As to the statement that the bag was not there before Plaintiff was placed in his vehicle, Morphis states that he did not see the bag when he vacuumed and believed the statement to be true when he made it, and that during the OPS investigation he agreed it was highly likely the bag had been discarded in his vehicle by an earlier arrestee, as stated in response to Paragraph 45. Morphis denies that he made the statement knowing it to be false. Morphis admits that the report also stated that a review of his backseat camera revealed Plaintiff "moving very erratically" and that she "appeared to be digging in her waistline shortly before the narcotics were found." Morphis admits that this statement was not accurate; that, following an investigation by OPS and a hearing before ASP's Command Staff Review Board, it was determined not to be supported by his in-car video; and that a violation of DPS Policy 601 (Documentation) was sustained on that basis. Morphis denies that he made the statement knowing it to be false or for the purpose of falsely incriminating Plaintiff. Morphis denies Plaintiff's characterization of Image No. 10, including its caption, and denies the remaining allegations of Paragraph 28.

29. Morphis admits that, following Plaintiff's arrest, he contacted James Slaughter of the Tenth Judicial District Drug Task Force to transfer Plaintiff's case for prosecution; that he described the events to Slaughter; and that Image No. 11 appears to be an excerpt of an affidavit prepared by Slaughter, which speaks for itself. Morphis admits that he told Slaughter, in substance, that his in-car camera showed Plaintiff moving around in the rear seat and that he believed that was when she dropped the bag; admits that this description was not accurate, for the reasons stated in response to Paragraph 28; and denies that he made it knowing it to be false. Morphis denies that he otherwise knowingly made any material misrepresentation to Slaughter. Morphis lacks knowledge or information sufficient to form a belief about the extent to which Slaughter's affidavit relied on any particular statement, and therefore denies those allegations. Morphis denies the remaining allegations of Paragraph 29.

30. Morphis admits that he told Slaughter that he saw the bag on the floor by Plaintiff's feet, and denies that the statement was false. Morphis admits that he understood that information he provided to Slaughter could be used in a criminal prosecution. Morphis denies the remaining allegations of Paragraph 30.

31. Morphis lacks knowledge or information sufficient to form a belief about Plaintiff's finances, and therefore denies those allegations. Morphis denies that he committed unlawful acts and denies the remaining allegations of Paragraph 31.

32. Morphis admits, upon information and belief, that Plaintiff's bond was set at $5,000 on or about December 19, 2023, and states that his ASP incident report was not completed and submitted until on or about December 23, 2023. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's costs and fees,

her truck, and her employment, and therefore denies them. Morphis denies that any such losses resulted from any unlawful act of his and denies the remaining allegations of Paragraph 32.

33. Morphis lacks knowledge or information sufficient to form a belief about Plaintiff's emotional state or what she understood, and therefore denies those allegations. Morphis denies that he was willing to perjure himself, denies that he sought to falsely incriminate Plaintiff, and denies the remaining allegations of Paragraph 33.

34. Morphis admits that he testified at Plaintiff's criminal trial on September 20, 2024. Morphis denies that he intentionally provided false testimony and denies the remaining allegations of Paragraph 34.

35. Morphis admits that he testified that he found the bag on the rear floorboard near where Plaintiff had been seated. Morphis denies that this testimony was false and denies the remaining allegations of Paragraph 35.

36. Morphis denies the allegations of Paragraph 36 as stated. The transcript of his trial testimony is the best evidence of its contents, and Morphis states, upon information and belief, that the transcript does not reflect testimony by him that Plaintiff moved erratically or dug in her waistband. Morphis denies that he gave intentionally false testimony and denies the remaining allegations of Paragraph 36.

37. Morphis admits that he testified that he had vacuumed the back seat of his patrol vehicle before stopping Plaintiff, that the bag was not there at that time, and that the bag was there after Plaintiff was removed from the vehicle. Morphis denies that his testimony that he vacuumed the back seat and that the bag was there after Plaintiff was removed was false. As to his testimony that the bag was not there when he vacuumed, Morphis states that he did not see the bag when he

vacuumed and believed that testimony to be true when he gave it. Morphis denies that he gave any testimony knowing it to be false and denies the remaining allegations of Paragraph 37.

38. Morphis admits the allegations of Paragraph 38.

39. Morphis admits, upon information and belief, that Plaintiff submitted a citizen's complaint against him to ASP on or about October 15, 2024. The complaint is a written document that speaks for itself. Morphis denies that he planted cocaine on Plaintiff, denies that he framed her, denies that he fabricated evidence, and denies that he committed perjury. Morphis lacks knowledge or information sufficient to form a belief about what Plaintiff told Daniels, and therefore denies those allegations. Morphis denies the remaining allegations of Paragraph 39.

40. Morphis admits, upon information and belief, that Plaintiff's written complaint contains language substantially as quoted in Paragraph 40. Morphis denies the truth of the quoted statement to the extent it asserts that he planted drugs, and denies the remaining allegations of Paragraph 40.

41. Morphis admits the allegations of Paragraph 41.

42. Morphis admits that, during a recorded OPS interview on October 30, 2024, he made statements to Daniels substantially as quoted in Paragraph 42. The recording and transcript of the interview are the best evidence of its contents.

43. The recording and transcript of the OPS interview are the best evidence of what Daniels asked Morphis. Morphis denies that any video shows him tossing a bag of cocaine into his patrol vehicle, denies the allegations of Paragraph 43 to the extent inconsistent with the recording and transcript, and denies the remaining allegations of Paragraph 43.

44. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 44, and therefore denies them.

45. Morphis admits that, during his October 30, 2024 OPS interview, Daniels reviewed with him video of a December 14, 2023 traffic stop and arrest in which the arrestee was transported in the back seat of his patrol vehicle, and that Morphis agreed it was highly likely that the bag of cocaine he found on the rear floorboard on December 17, 2023, had been discarded there by that arrestee. The recording and transcript of the interview and Daniels's investigation report are the best evidence of their contents. Morphis denies that this agreement was a false claim, denies that Daniels saved or protected him from any consequence, and states that ASP terminated his employment following the OPS investigation. Morphis denies that he planted evidence, denies that he knowingly placed false information in a police report, and denies that he committed perjury. As stated in response to Paragraphs 28 and 29, Morphis admits that certain statements in his incident report and to Slaughter were not accurate, and denies that he made them knowing them to be false. Morphis denies the remaining allegations of Paragraph 45.

46. Daniels's investigation report is a written document that speaks for itself. Morphis denies that any video captures him planting cocaine on Plaintiff and denies the remaining allegations of Paragraph 46.

47. Daniels's investigation report is a written document that speaks for itself. Morphis denies that he planted evidence, denies that he committed perjury, and denies the remaining allegations of Paragraph 47.

48. Morphis admits, upon information and belief, that Daniels completed his investigation on or about November 1, 2024.

49. Morphis admits that on November 21, 2024, he appeared before and was questioned by ASP's Command Staff Review Board at a hearing concerning Plaintiff's citizen's complaint. The notice letter is a written document that speaks for itself. Morphis lacks knowledge or information

sufficient to form a belief about the truth of the remaining allegations of Paragraph 49, and therefore denies them.

50. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 50, and therefore denies them.

51. Morphis admits that ASP terminated his employment by letter dated January 8, 2025; that the letter identified sustained violations of DPS Policy 108 (Rules of Conduct), DPS Policy 601 (Documentation), and ASP Policy LE SEC 14 (Prisoners – Transportation of Prisoners); and that the letter contains language substantially as quoted in Paragraph 51. The letter speaks for itself. Morphis denies that the violations were "watered down" and denies the remaining allegations of Paragraph 51.

52. The termination letter is a written document that speaks for itself. Morphis denies that his statement that he found the bag on the rear floorboard was false, denies that he planted narcotics, and denies the remaining allegations of Paragraph 52.

53. The termination letter is a written document that speaks for itself. Morphis denies that any video shows him tossing a bag of cocaine into his patrol vehicle, denies that his statement that he found the bag on the rear floorboard was inaccurate, and denies the remaining allegations of Paragraph 53.

54. The termination letter is a written document that speaks for itself. Morphis denies that any video captures him planting cocaine on Plaintiff and denies the remaining allegations of Paragraph 54.

55. The termination letter is a written document that speaks for itself. Morphis denies that he planted evidence, denies that he committed perjury, and denies the remaining allegations of Paragraph 55.

56. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56, and therefore denies them.

57. Morphis admits, upon information and belief, that on or about December 4, 2025, ASP issued a public statement containing the language quoted in Paragraph 57, and that the statement speaks for itself. Morphis lacks knowledge or information sufficient to form a belief about who authorized the statement, and therefore denies that allegation. Morphis states that he did not plant drugs on Plaintiff and denies the remaining allegations of Paragraph 57.

**COUNT I — FALSE ARREST**

58. Morphis incorporates his responses to Paragraphs 1 through 57.

59. Morphis denies the allegations of Paragraph 59, and states that Plaintiff was arrested for driving on a suspended license, an offense she admitted committing.

60. Morphis admits that he referred Plaintiff's case to the Tenth Judicial District Drug Task Force. Morphis denies that he knew he lacked probable cause for Plaintiff's arrest and denies the remaining allegations of Paragraph 60.

61. Morphis denies the allegations of Paragraph 61.

62. Morphis denies the allegations of Paragraph 62 and denies that Plaintiff is entitled to any relief from him.

**COUNT II — SUBSTANTIVE DUE PROCESS**

63. Morphis incorporates his responses to Paragraphs 1 through 62.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Morphis denies that Paragraph 64 completely or accurately states the law and denies that he violated Plaintiff's rights.

65. Morphis denies the allegations of Paragraph 65 as they pertain to him. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65 as they pertain to Daniels, and therefore denies them.

66. Morphis denies the allegations of Paragraph 66 as they pertain to him. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 66 as they pertain to Daniels, and therefore denies them.

67. Morphis admits that he arrested Plaintiff while acting under color of state law. Morphis denies that probable cause was absent, denies that his conduct shocks the conscience, denies that he violated Plaintiff's rights, and denies the remaining allegations of Paragraph 67 as they pertain to him. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 67 as they pertain to Daniels or Colonel Hagar, and therefore denies them.

68. Morphis denies the allegations of Paragraph 68 as they pertain to him and denies that Plaintiff is entitled to any relief from him. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 68 as they pertain to Daniels, and therefore denies them.

**COUNT III — ARKANSAS CIVIL RIGHTS ACT**

69. Morphis incorporates his responses to Paragraphs 1 through 68.

70. Paragraph 70 states legal conclusions to which no response is required. The Arkansas Civil Rights Act speaks for itself, and Morphis denies the allegations of Paragraph 70 to the extent inconsistent with it.

71. Morphis denies the allegations of Paragraph 71 as they pertain to him. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 71 as they pertain to Daniels, and therefore denies them.

72. Morphis denies the allegations of Paragraph 72 as they pertain to him and denies that Plaintiff is entitled to any relief from him. Morphis lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 72 as they pertain to Daniels, and therefore denies them.

## COUNT IV — CIVIL CONSPIRACY TO VIOLATE CONSTITUTIONAL RIGHTS

73. Morphis incorporates his responses to Paragraphs 1 through 72.

74. Morphis denies the allegations of Paragraph 74.

75. Morphis denies the allegations of Paragraph 75. Morphis specifically denies that he reached any agreement with Daniels or anyone else, denies that he acted in concert with Daniels or anyone else to frustrate any effort by Plaintiff, and denies that he arrested Plaintiff on charges for which he knew probable cause did not exist.

76. Morphis denies the allegations of Paragraph 76.

77. Morphis denies the allegations of Paragraph 77 and denies that Plaintiff is entitled to any relief from him.

## PRAYER FOR RELIEF AND GENERAL DENIAL

78. Morphis denies that Plaintiff is entitled to any of the relief requested in the Complaint's Prayer for Relief.

79. Morphis denies each and every allegation of the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

Without admitting any liability, without assuming any burden of proof that the law places on Plaintiff, and reserving the right to amend as discovery proceeds, Morphis asserts the following defenses.

80. The Complaint fails to state a claim against Morphis upon which relief can be granted.

81. Morphis is entitled to qualified immunity from Plaintiff's federal claims because his conduct did not violate any clearly established constitutional right of which a reasonable officer in his position would have known.

82. Morphis had probable cause, or at a minimum arguable probable cause, to arrest Plaintiff, including for the offense of driving on a suspended license, which Plaintiff admitted committing. *See Ward v. City of Sherwood, Arkansas*, No. 24-3316, slip op. at 5–6 (8th Cir. Apr. 28, 2026); *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004).

83. Morphis acted in good faith, within the scope of his employment, and without malice, which bars or limits Plaintiff's claims, including her claim for punitive damages, and entitles Morphis to immunity under Arkansas law, including Ark. Code Ann. § 19-10-305.

84. Plaintiff's own conduct, including driving on a suspended license, caused or contributed to the events giving rise to this lawsuit and to any damages she claims.

85. Plaintiff has failed to mitigate her damages, if any.

86. Any damages sustained by Plaintiff were caused, in whole or in part, by the independent acts or decisions of third parties over whom Morphis had no control, including the Tenth Judicial District Drug Task Force and the prosecuting attorney.

87. Any damages recoverable on Plaintiff's false-arrest claim are limited to the period before legal process issued.

88. Plaintiff's claim for punitive damages is barred or limited by the Due Process Clause of the Fourteenth Amendment and, as to her state-law claim, by Ark. Code Ann. § 16-55-201 et seq.

89. Plaintiff's claims are barred, in whole or in part, to the extent later shown to apply, by the applicable statutes of limitations.

90. Morphis reserves the right to assert additional defenses that discovery may reveal.

**JURY DEMAND**

91. Morphis demands a trial by jury on all issues so triable.

WHEREFORE, Separate Defendant Christian Walker Morphis respectfully requests that Plaintiff take nothing by her Complaint as against him; that the Complaint be dismissed with prejudice as to him; that he be awarded his costs and, to the extent recoverable, his attorney's fees; and that he be granted all other just and proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
310 Natural Resources Drive, Ste. 2
Little Rock, Arkansas 72205
(501) 315-1910 – Telephone
Counsel for Separate Defendant Christian Walker Morphis

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 24, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Luther Oneal Sutter
Luther Oneal Sutter