**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

AMANDA PRINCE,

Plaintiff,

v.

CHRISTIAN WALKER MORPHIS, in his Individual Capacity;
MARCUS DANIELS, in his Individual Capacity,
MIKE A. HAGAR, in his Official Capacity,

Defendants.

Case No.: 4:26-CV-531-DPM

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 15(a)**

NOW COMES Plaintiff, AMANDA PRINCE, and moves this Honorable Court for leave to file her Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a), respectfully stating as follows:

INTRODUCTION

1. On May 22, 2026, PLAINTIFF filed her complaint in the above-captioned lawsuit against Defendants, CHRISTIAN WALKER MORPHIS, MARCUS DANIELS and MIKE A. HAGAR ("DEFENDANTS"), members of the Arkansas State Police (ASP) at all relevant times, alleging multiple instances of constitutional violations under 42 U.S.C. § 1983. See generally ECF Doc. # 1.

2. In her complaint, PLAINTIFF alleges that Defendant, CHRISTIAN WALKER MORPHIS ("MORPHIS"), intentionally planted a bag of cocaine on her, falsely claiming she

left the drugs in his patrol vehicle during a December 17, 2023 traffic arrest. See ECF Doc. # 1 at ¶¶ 12-27.

3. PLAINTIFF also alleges that multiple members of ASP including DEFENDANTS, were aware of MORPHIS' intentional misconduct but turned a blind eye during PLAINTIFF's criminal prosecution and also for a considerable period of time thereafter. See ECF Doc. # 1 at ¶¶ 34-57.

4. On September 15, 2026, Defendant, MIKE A. HAGAR ("HAGAR"), who was sued in his official capacity only, filed a motion to dismiss, arguing correctly that PLAINTIFF's complaint lacked material allegations against him. See ECF Doc. #5. On September 21, 2026, Defendant, CHRISTIAN WALKER MORPHIS ("MORPHIS"), filed a motion to dismiss PLAINTIFF's complaint. See ECF Doc. #7. MORPHIS' motion alleges that he is entitled to dismissal based on a failure to state a claim and also qualified immunity. See ECF Doc. #8 at pp. 1-2.

5. PLAINTIFF concedes that her current complaint lacks material allegations against HAGAR, and, therefore, it is in need of amendment per Rule 15. PLAINTIFF disputes the arguments contained in MORPHIS' motion to dismiss. Nonetheless, PLAINTIFF has opted to seek leave to amend her complaint counts in order to identify the liability alleged against HAGAR, and to clarify some of the issues MORPHIS' motion purports to raise.

6. Thus, with this motion, PLAINTIFF respectfully seeks leave to file an amended complaint which refines her allegations against MORPHIS and defines her allegations against HAGAR, which, this time, sound in individual liability. See PLAINTIFF's Proposed Amended Complaint, attached hereto as <u>Exhibit 1.</u> PLAINTIFF's proposed amended complaint also adds a

fourth count, one alleging state law malicious prosecution against DEFENDANTS. See Ex. 1 at ¶¶ 80-90.

<u>PLAINTIFF PRAYS THE COURT GRANT HER MOTION FOR LEAVE TO FILE HER AMENDED COMPLAINT</u>

7. Federal Rule of Civil Procedure 15(a)(2) reads:

> **(a) Amendments Before Trial.**
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

8. The Federal Rules of Civil Procedure "liberally permit amendments to pleadings." *Dennis v. Dillard Dep't Stores, Inc.*, 207 F.3d 523, 525 (8th Cir. 2000). Rule 15 directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

9. The Eighth Circuit has instructed that a district court may refuse to allow an amended pleading "only where it will result in 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Dennis*, 207 F.3d at 525 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "[T]he party opposing the motion must show it will be unfairly prejudiced." *Id.* (internal citations omitted).

10. PLAINTIFF's proposed amended complaint cures the infirmities identified by HAGAR and also clarifies her allegations against MORPHIS.

11. PLAINTIFF's request to amend her complaint and to add a party would seem timely where it is made before the entry of any scheduling order governing same. Accordingly,

PLAINTIFF submits there is no risk of unfair prejudice to DEFENDANTS at this very early stage of litigation.

12. Therefore, with this motion, PLAINTIFF requests that this Honorable Court grant leave to file her First Amended Complaint. In accordance with Eastern District of Arkansas Local Rule 7.2(d)(1) and (2), a supportive brief is not filed herewith. The instant motion is not brought for any undue purpose.

CONCLUSION

13. PLAINTIFF's motion to file her proposed Amended Complaint is timely, well-pled and brought in good faith. Therefore, she respectfully requests that this Honorable Court grant her motion for leave to file the attached proposed amended pleading.

WHEREFORE, Plaintiff, AMANDA PRINCE, and prays this Honorable Court grant her Motion for Leave to File her Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a) and whatever other relief it deems appropriate.

Respectfully submitted,

Michael J. Laux

Michael J. Laux
Eastern Dist. Arkansas Bar No. 6278834
One of the Attorneys for PLAINTIFF
LAUX LAW GROUP
400 W. Capitol Avenue, Suite 1700
Little Rock, AR 72201
Telephone: (501) 242-0750
E-mail: mlaux@lauxlawgroup.com
mikelaux@icloud.com