IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AMANDA PRINCE,
PLAINTIFF,
v.
CHRISTIAN WALKER MORPHIS, in his Individual Capacity, MARCUS DANIELS, in his Individual Capacity, and MIKE A. HAGAR, in his Official Capacity,
DEFENDANTS.

CASE NO. 4:26-cv-00531-DPM
JURY TRIAL DEMANDED

**SEPARATE DEFENDANT CHRISTIAN WALKER MORPHIS'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 13)**

COMES NOW Separate Defendant Christian Walker Morphis ("Morphis"), by and through his attorney, Luther Oneal Sutter of Sutter & Gillham, P.L.L.C., and for his Response in Partial Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 13), states:

1. Plaintiff asks leave to file a First Amended Complaint (Doc. 13-1) ("FAC"). Morphis takes no position on Plaintiff's request to re-plead her claims against Separate Defendant Hagar. He does not ask the Court to decide, on this motion, whether new Count V states a claim, and he reserves every defense to it.

2. As to Morphis, the FAC re-pleads Counts I through IV without curing the defect on which his pending Motion to Dismiss (Docs. 8–9) turns. Count I is carried forward word for word. *Compare* Doc. 1 ¶¶ 58–62, *with* Doc. 13-1 ¶¶ 60–64. So is Plaintiff's allegation that Morphis "told PLAINTIFF he would arrest her for driving on a suspended license which she readily and truthfully admitted doing," before any of the conduct she challenges. Doc. 13-1 ¶ 11; Doc. 1 ¶ 11.

3. Under *Mysch v. Hutchins*, No. 3:25-cv-128-DPM, Doc. 22 (E.D. Ark. Jan. 28, 2026), *appeal pending*, No. 26-1341 (8th Cir.), the Court sets the alleged falsehoods aside and asks whether what remains still supplies probable cause. What remains here is Plaintiff's own admission, and that admission is probable cause. Counts I through IV therefore fail against Morphis as amended, and amending them as to him would be futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010).

4. In the alternative, if leave is granted, Morphis asks that the Court treat his pending Motion to Dismiss (Docs. 8–9) as directed to Counts I through IV of the FAC, so that the same arguments need not be briefed twice. *See DeVary v. Countrywide Home Loans, Inc.*, 701 F. Supp. 2d 1096, 1100 (D. Minn. 2010).

5. In support of this Response, Morphis relies upon and incorporates by reference his Brief in Support of his Response in Partial Opposition to Plaintiff's Motion for Leave to File an Amended Complaint, filed contemporaneously herewith.

WHEREFORE, Separate Defendant Christian Walker Morphis respectfully requests that the Court deny Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 13) as futile insofar as the proposed First Amended Complaint re-pleads Counts I through IV against him. In the alternative, if leave is granted, he requests that the Court treat his pending Motion to Dismiss (Docs. 8–9) as directed to Counts I through IV of the First Amended Complaint. He further requests all other just and proper relief.

Respectfully submitted,
SUTTER & GILLHAM, P.L.L.C.
310 Natural Resources, Ste. 2
Little Rock, Arkansas 72205
(501) 315-1910 – Telephone
Counsel for Separate Defendant Christian Walker Morphis

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com