IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

AMANDA PRINCE,
PLAINTIFF,

v.

CHRISTIAN WALKER MORPHIS, in his Individual Capacity, MARCUS DANIELS, in his Individual Capacity, and MIKE A. HAGAR, in his Official Capacity,
DEFENDANTS.

CASE NO. 4:26-cv-00531-DPM
JURY TRIAL DEMANDED

**BRIEF IN SUPPORT OF SEPARATE DEFENDANT CHRISTIAN WALKER MORPHIS'S RESPONSE IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. 13)**

COMES NOW Separate Defendant Christian Walker Morphis ("Morphis"), by and through his attorney, Luther Oneal Sutter of Sutter & Gillham, P.L.L.C., and for his Brief in Support of his Response in Partial Opposition to Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 13), states:

## I. INTRODUCTION

Plaintiff asks leave to file a First Amended Complaint (Doc. 13-1) ("FAC") that, she says, "refines her allegations against MORPHIS" and will "clarify some of the issues MORPHIS' motion purports to raise." Doc. 13 ¶¶ 5–6. It does neither. Count I, the only count pleaded against Morphis alone, is carried forward word for word: original paragraphs 58 through 62 are now paragraphs 60 through 64, unchanged. *Compare* Doc. 1 ¶¶ 58–62, *with* Doc. 13-1 ¶¶ 60–64. The allegation on which Morphis's pending Motion to Dismiss turns is carried forward verbatim too. Morphis "told PLAINTIFF he would arrest her for driving on a suspended license which she readily and truthfully admitted doing," and he handcuffed her and placed her in his patrol car before any of the conduct she says was unlawful. Doc. 13-1 ¶¶ 11–12; Doc. 1 ¶¶ 11–12; *see* Docs. 8–9.

This Court has already decided how allegations like these are measured. In *Mysch v. Hutchins*, the plaintiff alleged that a police officer lied on the warrant affidavit that led to her arrest, and that he did so because she had accused him of corruption and he had vowed to "destroy [her] life." No. 3:25-cv-128-DPM, Doc. 22 at 1 (E.D. Ark. Jan. 28, 2026), *appeal pending*, No. 26-1341 (8th Cir.). The Court took every allegation as true and set the alleged lies aside. It then asked whether what remained still supplied probable cause. Because it did, the Court dismissed the Fourth Amendment claim, the retaliatory-arrest claim, and the Arkansas malicious-prosecution claim. *Id.* at 2–4. A copy of *Mysch* was filed as Exhibit D to Morphis's Motion to Dismiss. The same exercise, applied to the FAC, leaves Plaintiff's own admission standing, and that admission is probable cause. Counts I through IV therefore fail against Morphis as amended, for the reasons already briefed, and amending them as to him would be futile.

Morphis takes no position on Plaintiff's request to re-plead her claims against Separate Defendant Hagar. He does not ask the Court to decide, on this motion, whether new Count V states a claim, and he reserves every defense to it. He asks that leave be denied as futile insofar as the FAC re-pleads Counts I through IV against him. In the alternative, if leave is granted, he asks that the Court treat his pending Motion to Dismiss (Docs. 8–9) as directed to Counts I through IV of the FAC, so that the same arguments need not be briefed twice.

**II. STANDARD**

Leave to amend is to be given freely "when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiff's own authority recognizes futility as a ground for refusing it. Doc. 13 ¶ 9. Denial of leave for futility "means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell*

*GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). The question is therefore whether the proposed amended complaint states a claim against Morphis under the plausibility standard. *Id.* at 850–51. In *Zutz*, the plaintiffs' proposed amended complaint "maintained their original allegations and added new accusations." *Id.* at 847. It still failed to state a claim, and the Eighth Circuit affirmed the denial of leave. *Id.* at 851–52.

## III. ARGUMENT

### A. Under *Mysch*, the Court Sets the Alleged Falsehoods Aside and Asks Whether What Remains Supplies Probable Cause.

In *Mysch*, the plaintiff was arrested on a warrant. She alleged that the officer "lied about bank records in his requesting affidavit." Doc. 22 at 2. The Court "t[ook] all facts alleged by Mysch as true." *Id.* It held that the officer was entitled to qualified immunity "so long as the warrant affidavit, reconstructed without the alleged lies, would still provide probable cause to arrest Mysch," and it observed that "[p]robable cause is not a high bar." *Id.* at 3 (first citing *Hunter v. Namanny*, 219 F.3d 825, 829 (8th Cir. 2000); and then quoting *D.C. v. Wesby*, 583 U.S. 48, 57 (2018)). The Court then listed what the affidavit said apart from the bank records and concluded: "Without the false information about bank records, the reconstructed affidavit still establishes probable cause . . . ." *Id.* at 3–4. That ended the Fourth Amendment claim. *Id.* at 4.

Three features of *Mysch* control here. First, the Court decided the question on the pleadings, accepting as true that the officer had lied. *Id.* at 2–4. Second, the plaintiff's allegation of a bad motive did not change the analysis. She alleged that the officer lied because she had accused him of corruption, *id.* at 1, and her Fourth Amendment claim still failed on the reconstructed facts. *Id.* at 3–4. That is as it should be, because an arresting officer's state of mind is irrelevant to probable cause, except for the facts he knows. *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Third, the probable-cause holding carried every claim built on it. The retaliatory-

arrest claim failed "[f]or these same reasons." *Mysch*, Doc. 22 at 4. The Arkansas malicious-prosecution claim failed because "[l]ack of probable cause is an essential element of this tort." *Id.* And the Court analyzed the plaintiff's Arkansas constitutional and ACRA claims "in step with" her federal claims. *Id.* at 2 (citing *Glasper v. City of Hughes*, 269 F. Supp. 3d 875, 887 (E.D. Ark. 2017)).

**B. Reconstructed Without the Alleged Falsehoods, the FAC Still Pleads Probable Cause.**

The Court can do here what it did in *Mysch*. Set aside every statement the FAC says was false: the claimed discovery of cocaine on the backseat floorboard (¶¶ 19–21, 35); the report's account of Plaintiff "moving very erratically" and "digging in her waistline" (¶¶ 28, 36); the vacuuming statements (¶¶ 24, 28, 37); and the statements to Sgt. Slaughter (¶¶ 29–30). Take as true, for purposes of this motion only, that Morphis planted the bag, which he denies. Doc. 10 ¶¶ 12–13, 18. Morphis has acknowledged that the report's description of Plaintiff's movements was inaccurate, while denying that it was knowingly false. *Id.* ¶¶ 28–29. That acknowledgment makes no difference here, because the reconstruction sets those statements aside in any event. What remains is what Plaintiff pleads about the first minutes of the stop. Morphis knew her from a prior encounter in which he had cited her for driving on a suspended license. He stopped her. He "told PLAINTIFF he would arrest her for driving on a suspended license which she readily and truthfully admitted doing." He then handcuffed her and placed her in the backseat. Doc. 13-1 ¶¶ 10–11. Only "[a]bout 10 minutes after" that, the FAC alleges, did anything happen that Plaintiff challenges. *Id.* ¶ 12.

That remainder is not a close call of the kind *Mysch* resolved. The reconstructed affidavit in *Mysch* reached probable cause through six separate facts about the plaintiff's conduct. Doc. 22 at 3–4. The reconstructed facts here contain an admission. A warrantless arrest "is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has

been or is being committed." *Devenpeck*, 543 U.S. at 152. Plaintiff pleads that she was committing one and admitted it. On the reconstructed facts, the arrest was supported by probable cause, and at a minimum Morphis is entitled to qualified immunity. *See Ward v. City of Sherwood*, No. 24-3316, slip op. at 5 (8th Cir. Apr. 28, 2026) ("A warrantless arrest is consistent with the Fourth Amendment if it is supported by probable cause, and an officer is entitled to qualified immunity if there is at least arguable probable cause." (quoting *Borgman v. Kedley*, 646 F.3d 518, 522–23 (8th Cir. 2011))); Doc. 9, Parts III.A–B.

**C. The FAC's Focus on the Drug Charge Does Not Change the Result.**

The FAC, like the original Complaint, pleads that Morphis lacked probable cause "to arrest PLAINTIFF on this charge," meaning possession with purpose to deliver. Doc. 13-1 ¶ 61; Doc. 1 ¶ 59. That framing asks the Court to measure probable cause one offense at a time, and the Supreme Court has rejected that approach. *Devenpeck* reversed a holding that "the probable-cause inquiry is further confined to the known facts bearing upon the offense actually invoked at the time of arrest." 543 U.S. at 153. An officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Id.* "Those are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." *Id.* at 155. The Eighth Circuit applies the same rule. Once arguable probable cause exists for one offense, the court "need not address whether there was arguable probable cause to believe that [the plaintiff] committed violations other than" that one. *Ward*, slip op. at 7 (citing *Hosea v. City of St. Paul*, 867 F.3d 949, 956 n.6 (8th Cir. 2017)). This Court has applied the rule the same way: "If an officer says he's arresting you for crime X, where probable cause is absent, but he has probable cause to arrest you for crime Y, then the arrest is still reasonable." *Raeburn v. Gibson*, No. 4:18-cv-374-DPM, Doc. 52 at 4–5 (E.D. Ark. Apr. 24, 2020) (citing *Devenpeck*, 543 U.S. at 153–55), *aff'd*, 2021 WL 3871916 (8th Cir. Aug. 31, 2021).

*Mysch* is consistent with that rule. Because *Mysch* involved a warrant, the reconstruction there asked whether the affidavit still supported the offense it charged. Doc. 22 at 4. A warrantless arrest has no affidavit to reconstruct. The facts known to the officer at the moment of arrest are the whole record, and under *Devenpeck* they need only supply probable cause to arrest for some offense, not necessarily the offense the officer named or the one later charged. The reconstruction is simpler here than it was in *Mysch*, and the result is the same.

*Chiaverini v. City of Napoleon*, 602 U.S. 556 (2024), does not change this. *Chiaverini* addressed a Fourth Amendment malicious-prosecution claim, held that probable cause for that claim is assessed charge by charge, and left open how a plaintiff shows that a baseless charge caused a seizure when a valid charge was also brought. *Id.* at 562–64. It did not address, and did not purport to alter, the rule that governs the lawfulness of an arrest. Count I of the FAC, like Count I of the original Complaint, is pleaded as a claim for false arrest. Doc. 13-1 at 16; *id.* ¶ 63. It is measured by the facts known to Morphis when he arrested Plaintiff, and those facts, on Plaintiff's own pleading, included an admitted offense. The FAC pleads no Fourth Amendment malicious-prosecution claim, and Morphis reserves every defense to any such claim, including under *Chiaverini*'s causation element.

[⚠ LOS: Confirm the *Chiaverini* pin cites (602 U.S. at 562–64) against the Westlaw PDF. U.S. Reports star pages were not available to us. 562 is Judge Marshall's own pin in *Raeburn v. Gibson*, No. 4:24-cv-706-DPM, Doc. 39 at 4 (Aug. 12, 2026); 564 is the Eighth Circuit's pin in *Ward*, slip op. at 9–10.]

**D. Counts II, III, and IV Fall With Count I, as the Derivative Claims Did in *Mysch*.**

*Count III.* In *Mysch*, the state constitutional and ACRA claims were analyzed "in step with" the federal claims, and they failed together. Doc. 22 at 2, 4. Count III of the FAC rests on the same conduct, and it pleads that § 1983 decisions guide the construction of the ACRA. Doc. 13-1 ¶¶ 72–73. As against Morphis, it fails for the same reason. *See* Doc. 9, Part III.F.

*Count II.* Count II still alleges that Defendants "directed, oversaw, performed and approved PLAINTIFF's arrest despite the absence of probable cause." Doc. 13-1 ¶ 69. The amendment changes the defendants named in Count II, not its theory. *Compare* Doc. 1 ¶¶ 63–68, *with* Doc. 13-1 ¶¶ 65–70. The retaliatory-arrest claim in *Mysch* failed "[f]or these same reasons" once probable cause was established. Doc. 22 at 4. Count II fails with Count I in the same way, and it fails for the independent reasons set out in Doc. 9, Part III.D.

*Count IV.* To plead a § 1983 conspiracy claim, a plaintiff must plead "a deprivation of a constitutional right or privilege." *Zutz*, 601 F.3d at 850 (quoting *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999)). Count IV still rests on the premise that "MORPHIS arrested PLAINTIFF on criminal charges for which he knew probable cause did not exist." Doc. 13-1 ¶ 77. The reconstruction defeats that premise. Apart from naming all Defendants rather than Morphis and Daniels, the one change to Count IV substitutes an allegation that Defendants "conspired to conceal this fact" for the original allegation that they "conspired to do so." *Compare id.* ¶ 78, *with* Doc. 1 ¶ 76. That change describes conduct after the fact. It does not cure the timing defect Morphis has identified. The FAC still alleges no agreement or communication involving Morphis before Plaintiff's October 15, 2024 citizen's complaint, which came after her September 20, 2024 acquittal. Doc. 13-1 ¶¶ 38–39. Count IV fails for the reasons set out in Doc. 9, Part III.E.

**E. New Count V.**

Count V is new. It asserts an Arkansas malicious-prosecution claim against Morphis and Hagar. Doc. 13-1 ¶¶ 80–89. Morphis does not ask the Court to decide on this motion whether Count V states a claim, and he reserves every defense to it. He notes one point. To the extent Count V re-pleads the arrest itself as a violation of "Article 2, Section 15 of the Arkansas Constitution" and the ACRA, *id.* ¶ 81, that portion duplicates Count III and fails with it. *See*

*Mysch*, Doc. 22 at 2. Morphis takes no position on this motion about the elements of the malicious-prosecution tort as pleaded in paragraphs 82 through 89, and nothing in this Brief should be read as addressing them. Count V was not part of the original Complaint, and the pending Motion to Dismiss could not address it. Leaving it for a motion directed at the FAC is the course the court took in *DeVary v. Countrywide Home Loans, Inc.*, where a claim "presented for the first time" in an amended complaint, after the motion to dismiss had been briefed, was left for a later motion and full briefing. 701 F. Supp. 2d 1096, 1106 (D. Minn. 2010).

**F. Alternatively, the Pending Motion Should Be Treated as Directed to the FAC.**

If the Court grants leave as to Counts I through IV, Morphis asks that it treat his Motion to Dismiss (Docs. 8–9) as directed to Counts I through IV of the FAC rather than denying it as moot. As to Morphis, those counts are unchanged in every respect material to the motion. Plaintiff says she "disputes the arguments contained in MORPHIS' motion to dismiss," Doc. 13 ¶ 5, but she does not explain how the amendment answers any of them. A defendant need not file a new Rule 12 motion merely because the plaintiff amends while the motion is pending. *DeVary*, 701 F. Supp. 2d at 1100. "If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." *Id.* (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d ed.)). In *DeVary*, the court found that the amended complaint "does not eliminate any of the purported defects in [the] original complaint," and the defendants relied on the same arguments, so the court chose to "deem defendants' motions to dismiss to be directed at the amended complaint." *Id.* The same is true here. Morphis will respond to the remainder of the FAC within the time Rule 15(a)(3) allows.

## IV. CONCLUSION

Separate Defendant Christian Walker Morphis respectfully requests that the Court deny Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 13) as futile insofar as the proposed First Amended Complaint re-pleads Counts I through IV against him. In the alternative, if leave is granted, he requests that the Court treat his pending Motion to Dismiss (Docs. 8–9) as directed to Counts I through IV of the First Amended Complaint. He further requests all other just and proper relief.

Respectfully submitted,
SUTTER & GILLHAM, P.L.L.C.
310 Natural Resources, Ste. 2
Little Rock, Arkansas 72205
(501) 315-1910 – Telephone
Counsel for Separate Defendant Christian Walker Morphis

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, Esq., ARBN 95-031
luther.sutterlaw@gmail.com