**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**AMANDA PRINCE** **PLAINTIFF**

**v.** **CASE NO. 4:26-cv-00531-DPM**

**MIKE A. HAGAR, et al.** **DEFENDANTS**

# BRIEF IN SUPPORT OF MOTION TO DISMISS

For his Brief in Support of Motion to Dismiss, Defendant Marcus Daniels states the following:

## BACKGROUND

### I. Factual Assertions

On December 17, 2023, Amanda Prince was pulled over by Former Trooper Christian Morphis for driving on a suspended license. Doc. 1, ¶ 10. Morphis arrested Prince and placed her in the back of his police vehicle. *Id*. at ¶ 11. Prince alleges that 10 minutes after placing her in the back seat, Morphis tossed a bag of cocaine into the front passenger seat of his vehicle. *Id*. at ¶ 12. Upon arrival to jail, Prince claims that Morphis removed her from the vehicle and retrieved the bag of cocaine from the front seat. *Id*. at ¶¶ 16–17. "Morphis then secretly transported the 16 gram bag of cocaine from the front passenger seat to his backseat." *Id*. at ¶ 18. According to Prince, Morphis then confronted her with the bag and accused her of possessing the drugs. *Id*. at ¶¶ 21–25. Ultimately, Morphis charged Prince with "intent to deliver, tampering with physical evidence, and obstructing governmental operations." *Id*. at ¶ 26.

All of the damages alleged by Prince are attributed to the fallout that resulted from the arrest by Morphis. These include the arrest itself, having to pay a bond, losing her truck due to impound fees, losing her job, and having to go to trial on felony drug charges. *See* Doc. 1, ¶¶ 32–

33. Prince was acquitted of all charges after a jury trial on September 20, 2024. *Id.* at ¶ 38. However, Prince is now attempting to bring claims against Lt. Daniels (and ASP Director Mike Hagar) for conduct that took place *after* her acquittal. In particular, she criticizes the way in which Lt. Daniels handled an internal affairs interview of Morphis. She claims that Lt. Daniels "never asked Morphis if he planted the bag of cocaine on Plaintiff, never confronted Morphis about the video . . . and never asked [Morphis] to identify the item or material he clearly tossed on his front passenger side floorboard." *Id.* at 43. Prince speculates that instead of confronting Morphis with the truth, Lt. Daniels allowed Morphis "to falsely claim that he mistook cocaine from a prior traffic stop as cocaine left by [Prince]." *Id.* at 45.

## II. Legal Claims

Prince raises three counts against Lt. Daniels: (1) Substantive Due Process, (2) Arkansas Civil Rights Act, and (3) Civil Conspiracy to Violate Constitutional Rights. Doc. 1, pp. 16–19.

Regarding Substantive Due Process, Prince vaguely alleges that "Morphis and Daniels had an intent to harm Plaintiff and/or were deliberately indifferent as to the risk of harm caused by their conduct." *Id.* at ¶ 65. But Prince does not explain what conduct she is referring to. It appears she is referencing her arrest because she goes on to say that, "Defendants directed, oversaw, performed and approved Plaintiff's arrest despite the absence of probable cause . . . ." *Id.* at ¶ 67. However, this makes no sense because Lt. Daniels was not involved in her arrest.

Next, Prince states that Lt. Daniels violated the Arkansas Civil Rights Act (ACRA). *Id.* at ¶¶ 69–72. Once again, Prince remains impossibly vague. She merely says that "Morphis and Daniels' conduct was unreasonable and served no legitimate purpose, thereby violating Plaintiff's rights under the Arkansas Constitution." There is no explanation.

Finally, Prince alleges that Morphis and Lt. Daniels engaged in a civil conspiracy to deprive her of her "First Amendment right to access the courts." *Id.* at ¶ 74. There is a bit more detail here, but it is equally puzzling. Prince alleges that the two defendants "conspired to frustrate efforts to have criminal charges filed against Morphis[,] planting evidence on Plaintiff and endeavoring to have her criminally prosecuted." *Id.* at 75. Once again, this makes no sense because Prince's narrative of her arrest (¶¶ 10–27), prosecution (¶¶ 28–33) and trial (¶¶ 34–38) only describes conduct by Morphis, and never once implicates Lt. Daniels. Also, Prince makes no attempt to explain how the lack of criminal charges against Morphis is connected to her First Amendment rights.

The claims against Lt. Daniels are frivolous, vexatious, and wholly lack any factual support from the rest of Prince's complaint. Lt. Daniels is entitled to qualified immunity and the claims against him should be dismissed with prejudice.

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility only when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully. *Blomker v. Jewell*, 831 F.3d 1051, 1055 (8th Cir. 2016). Courts should consider whether there are lawful, obvious alternative explanations for the alleged conduct, because where the complaint

pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *McDonough v. Anoka County*, 799 F.3d 931, 946 (8th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678, 682).

At this stage, the court must accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Twombly*, 550 U.S. at 572; *Cole v. Homier Distrib. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010). The complaint, however, must contain more than mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. The court is not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555. A district court is not required "to divine the litigant's intent and create claims that are not clearly raised" or "conjure up unpled allegations" to save a complaint. *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009).

**ARGUMENT**

Prince is trying to rope Lt. Daniels into a lawsuit about an arrest that he took no part in. Her futile attempt is not supported by the law. There are no facts in Prince's complaint to suggest that Lt. Daniels violated any of her constitutional rights. Accordingly, Lt. Daniels is entitled to qualified immunity.

Qualified immunity "shields government officials from liability in a § 1983 action unless the official's conduct violates a clearly established right of which a reasonable person would have known." *Brown v. City of Golden Valley*, 574 F.3d 491, 495 (8th Cir. 2009). It protects "all but the plainly incompetent or those who willingly violate the law." *Chestnut v. Wallace*, 947 F.3d 1085, 1093 (8th Cir. 2020) (citations omitted). The protection applies regardless of whether the actor's conduct was below a standard of care, or even grossly negligent. *S.S. v. McMullen,* 225 F.3d 960 (8th Cir. 2000) ("gross negligence is not actionable . . . under § 1983" as a violation of a

constitutional right). Likewise, simple non-compliance with State policies or regulations fails to create a constitutional issue. *Kennedy v. Blankenship*, 100 F. 3d 640, 643 (8th Cir. 1996) (violation of Arkansas Department of Corrections policy does not state a Section 1983 claim). Finally, in a qualified-immunity analysis, a defendant "is only liable for his . . . own misconduct;" personal-capacity claims cannot be based on imputed or vicarious fault. *Ashcroft v. Iqbal,* 556 U.S. 662, 677 (2009).

Determining whether a state actor is entitled to qualified immunity involves a two-part inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional right; and (2) whether that right was clearly established at the time of the alleged misconduct. *Brown*, 574 F.3d at 496. Officers are entitled to qualified immunity if no reasonable fact finder could answer both questions in the affirmative. *Nelson v. Correctional Medical Services*, 583 F.3d 522, 528 (8th Cir. 2009). Courts may exercise discretion in deciding whether to begin with the first or second prong of qualified immunity analysis. *Pearson v. Callahan*, 555 U.S. 223 (2009).

## I. Prince fails to state a claim against Lt. Daniels for violation of her right to substantive due process.

Prince, without factual support, claims that Lt. Daniels violated the substantive due process clause of the Fourteenth Amendment. Doc. 1, ¶¶ 63–68. Her claim must fail. "To establish a substantive due process violation, the [plaintiff] must demonstrate that a fundamental right was violated and that [the defendant's] conduct shocks the conscience." *Folkerts v. City of Waverly, Iowa*, 707 F.3d 975, 980 (8th Cir. 2013). Prince does not mention which fundamental right was violated by Lt. Daniels. All she offers is that she was arrested without probable cause. Doc. 1, ¶ 67. But Morphis was the officer who arrested her, not Lt. Daniels. In fact, Lt. Daniels was only brought in to conduct an internal affairs interview after Prince was acquitted and filed an ASP complaint against Morphis. *See id.* at ¶¶ 39–43.

Section 1983 defendants are only liable for their own misconduct. *See Iqbal*, 556 U.S. at 677. Morphis worked for the ASP at the time he arrested Morphis, but that does not mean Prince can sue *any* ASP employee and implicate them in her arrest. At minimum, Prince must include "a short and plain statement showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). She failed to do so. Therefore, Lt. Daniels is immune from Prince's substantive due process claim.

**II. Prince fails to explain how Lt. Daniels violated the Arkansas Civil Rights Act.**

Prince nakedly asserts that Lt. Daniels violated ACRA. Doc. 1, ¶¶ 69–72. There is no detail provided. If Prince is relying on her factual allegation that Lt. Daniels failed to secure a prosecution against Morphis (*id*. at ¶ 45), she fails to explain how this qualifies as a violation of her civil rights. Lt. Daniels is entitled to qualified immunity on Prince's ACRA claim.

**III. Prince fails to state a claim against Lt. Daniels for civil conspiracy.**

Prince's final claim against Lt. Daniels is that he conspired with Morphis to deprive her of her "First Amendment right to access the courts." Doc. 1, at ¶ 74. She alleges that Lt. Daniels "frustrated" her efforts to have "criminal charges filed against Morphis . . . ." Doc. 1, ¶ 75. Prince further states that this conduct violated her "First, Fourth, and Fourteenth Amendment rights." *Id*. at ¶ 76. Once again, there is no explanation or precedent provided. And Prince is not a prosecuting attorney; she cannot "bring criminal charges" against anyone. These "labels" and "conclusions" of constitutional violations are insufficient to overcome dismissal. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The purpose of a complaint is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id*. (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). It is not this Court's duty "to divine the litigant's intent and create claims that are not clearly raised" or "conjure up unpled allegations" to save a complaint. *Gregory v. Dillard's, Inc.*,

565 F.3d 464, 473 (8th Cir. 2009). Prince has failed to state a claim against Lt. Daniels for civil conspiracy; therefore, dismissal is appropriate.

## CONCLUSION

Amanda Prince failed to state a single cause of action against Lt. Daniels. Consequently, Lt. Daniels is entitled to qualified immunity and the vexatious claims against him should be dismissed with prejudice.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: J. Gerard
Julius J. Gerard, IV (“Jay”), AR Bar 2017178
Assistant Attorney General
Arkansas Attorney General's Office
101 West Capitol Avenue
Little Rock, AR 72201
Phone: (501) 682-3676
Fax: (501) 682-2591
Email: julius.gerard@arkansasag.gov
*Attorneys for Defendant Marcus Daniels*